IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM BLACKBURN,

  Petitioner,

            CASE NO. 2:08-CV-282
v.            JUDGE HOLSCHUH
            MAGISTRATE JUDGE KING

JEFFREY WOLFE, Warden,

  Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED** and that the action be **DISMISSED.**

## FACTS AND PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On May 16, 2006, Garry Summers, a neighbor of Bill and Christine Vasko of Lore City, Ohio, observed a white pickup truck, equipped with a ladder rack, parked across the street from the Vasko residence. Summers also saw three men in the vicinity of the property, whose activity raised his suspicion. Summers took down the white pickup's license plate number and returned home to call 911.
>
> Guernsey County Sheriff Deputies responded to the area and soon thereafter observed the white pickup going past the Vasko property. Deputy John Lowry began a vehicle pursuit of the truck, but temporarily lost sight of it. However, at the

intersection of State Route 22 and Parker Road, Lowry came upon the scene of a crash involving the pickup. Lowry saw three individuals running away from the area. All three men, including one later identified as appellant, were soon apprehended.

The Vaskos and law enforcement officials thereupon determined that numerous items had been taken from the residence, including jewelry, money and an electronic game.

On June 8, 2006, appellant was indicted on one count of burglary, a felony of the second degree, and one count of theft, a felony of the fifth degree. Appellant pled not guilty to both counts, and the case proceeded to a jury trial on September 26 and 27, 2006. The jury thereafter returned a verdict of guilty on both counts.

Following a sentencing hearing on October 11, 2006, appellant was sentenced to five years in prison for burglary and one year in prison on the theft charge. The sentences were ordered to be served concurrently.

On November 9, 2006, appellant filed a notice of appeal.

*State v. Blackburn*, 2007 WL 2380222 (Ohio App. 5th Dist. August 21, 2007). Petitioner raised the following assignments of error on direct appeal:

> I. APPELLANT WAS DEPREIVED (SIC) OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WITH THE RESULT THAT HIGHLY PREJUDICIAL EVIDENCE WAS INTRODUCED AGAINST HIM.
>
> II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND COMMITTED PLAIN ERROR WHEN IT DID NOT AFFORD THE COUNSEL FOR THE APPELLANT THE SAME OPPORTUNITY AS THE COUNSEL FOR THE APPELLEE TO QUESTION THE WITNESSES.
>
> III. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT

> [THE] GUERNSEY COUNTY PROSECUTING ATTORNEY FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION.
>
> IV. THE APPELLANT WAS PREJUDICED IN THAT ALTHOUGH THE TRIAL COURT GRANTED HIS MOTION TO APPEAR AT TRIAL IN CIVILIAN CLOTHING ON SEPTEMBER 18, 2006, THE JURORS KNEW THAT HE WAS IN THE CUSTODY OF THE GUERNSEY COUNTY SHERIFF IN THAT WHILE LEAVING AND RETURNING TO THE COURT HOUSE FOR LUNCH MANY JURORS SAW THE DEFENDANT EXIT THE SHERIFF'S CRUSIER (SIC) IN RESTRAINTS.

*Id*. On August 21, 2007, the appellate court affirmed the judgment of the trial court. *Id*. Petitioner did not file a timely appeal. On December 12, 2007, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal. *State v. Blackburn*, 116 Ohio St.3d 1436 (2007). On February 6, 2008, the Ohio Supreme Court denied petitioner's motion for reconsideration. *State v. Blackburn*, 116 Ohio St.3d 1511 (2008).

On March 25, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> Ineffective assistance of counsel.
>
> Evidence against the manifest weight; trial court favored prosecution and equal time was not given to defense counsel upon questioning witness; the trial court abused its discretion by not calling a mistrial once [jurors] saw that petitioner was in custody of the sheriff's department.

It is the position of the respondent that petitioner's claims are procedurally defaulted.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule

4

was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

Petitioner properly raised his claims on direct appeal; however, he thereafter failed to file a timely appeal to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for delayed appeal. The United States Court of Appeals for the Sixth Circuit has held that, under these circumstances, petitioner has procedurally defaulted those claims. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). This Court therefore reaches that same conclusion here.

Petitioner can still secure review of his claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges.

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor *external* to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003). Petitioner has failed to establish cause for his procedural default.

Beyond the four-part *Maupin* analysis, this Court is required to determine whether

5

this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent ...." *Murray v. Carrier*, 477 U.S. at 495. Upon review of the record, the Court does not deem this to be such a case.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

January 9, 2009                                               s/Norah McCann King

Norah McCann King
United States Magistrate Judge