# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM BLACKBURN,**

       **Petitioner,**

       CASE NO. 2:08-CV-282
  v.         JUDGE HOLSCHUH
       MAGISTRATE JUDGE KING

**JEFFREY WOLFE, Warden,**

       **Respondent.**

## OPINION AND ORDER

On January 9, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that respondent's motion to dismiss be granted and that the instant habeas corpus petition be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation.* For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation that his claims be dismissed as procedurally defaulted. As cause for this failure to file a timely appeal, petitioner again states that he mailed a timely notice of appeal to the Ohio Supreme Court, but the Clerk returned that filing to him because he did not include a date-stamped copy of the court of appeals' decision or appropriate certificates of service and because he failed to use the appropriate form in submitting his affidavit of indigency. *See Objections*; *Exhibit A to Objections.* Petitioner complains that the letter from the Clerk of the Ohio Supreme Court notifying him of these deficiencies is dated October 3, 2007, while his corrected

appeal was due only two days later, on October 5, 20007. *Exhibit A to Objections.* According to petitioner, the Guernsey County Clerk of Court was at fault for failing to provide him with a time-stamped copy of the Court of Appeals' decision, and he thereby has established cause for any procedural default. Petitioner also bases his claim of justification for his procedural default on Ohio Supreme Court Rule of Practice 14, which provides in relevant part as follows:

> Rejection of Noncomplying Documents.
>
> The Clerk may reject documents tendered for filing unless they are clearly legible and comply with the requirements of these rules.

Petitioner contends that, because this rule is discretionary, the Ohio Supreme Court Rules governing the filing a timely appeal do not constitute an adequate and independent state ground to preclude federal habeas corpus review under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). *See, e.g., Deitz v. Money*, 391 F.3d 804, 810-11 (6th Cir. 2004), citing *Hutchison v. Bell*, 303 F.3d 707, 738 (6th Cir. 2002)(state procedural rule that is solely discretionary or grants the state court "unfettered discretion" in its application will not constitute an adequate and independent state court ground under *Maupin*). Petitioner similarly complains that the Clerk improperly denied his appeal because Ohio Supreme Court Rule of Practice 15 does not require any particular affidavit of indigency.[1] *Objections,* at 5.

---

[1] Ohio Supreme Court Rule of Practice 15, Section 3, provides:

Affidavit of indigency in lieu of fees

2

Petitioner also now asserts that, because the Ohio Supreme Court Rules governing the filing of timely appeals grant the Clerk discretion in determining whether to file the appeal, and because the rules do not provide defendants additional time to correct deficiencies in the filing of timely appeals, the Ohio Supreme Court rules are unconstitutional and were applied so as to deny him due process. *Id*., at 3-4. These arguments fail.

I. THE DENIAL OF PETITIONER'S TIMELY FILED APPEAL

The Ohio Supreme Court provisions regarding contents and time requirements for filing a notice of appeal are couched in mandatory terms. Ohio Supreme Court Rule of Practice II, Section 2(B) provides that the notice of appeal "shall" include certain specified information:

> Contents of Notice of Appeal.
>
> (1) The notice of appeal shall state all of the following:
>
> (a) The name of the court of appeals whose judgment is being appealed;

---

An affidavit of indigency may be filed in lieu of filing fees or security deposits. The affidavit shall be executed within six months prior to being filed in the Supreme Court by the party on whose behalf it is filed. The affidavit shall state the specific reasons the party does not have sufficient funds to pay the filing fees or the security deposit. At any stage in the proceeding, the Supreme Court may review and determine the sufficiency of an affidavit of indigency. Counsel appointed by a trial or appellate court to represent an indigent party may file a copy of the entry of appointment in lieu of an affidavit of indigency. [See Appendix E following these rules for an affidavit of indigency form.]

(b) The case name and number assigned to the case by the court of appeals;

(c) The date of the entry of the judgment being appealed;

(d) That one or more of the following are applicable:

(i) The case involves affirmance of the death penalty;

(ii) The case originated in the court of appeals;

(iii) The case raises a substantial constitutional question;

(iv) The case involves a felony;

(v) The case is one of public or great general interest;

(vi) The case involves termination of parental rights or adoption of a minor child, or both;

(vii) The case is an appeal of a court of appeals determination under App.R. 26(B).

[See Appendix A following these rules for a sample notice of appeal from a court of appeals.]

\*\*\*

Ohio Supreme Court Rule of Practice II, Section 2(B).

Here, in a letter dated October 3, 2007, the Clerk returned petitioner's notice of appeal and memorandum in support of jurisdiction, *inter alia*, for failing to comply with Ohio Supreme Court Rule of Practice III, Section 1(D), which requires that a memorandum in support of jurisdiction shall be filed with the notice of appeal, and that it must include a date-stamped copy of the court of appeals decision being appealed. The rule prohibits the Clerk from filing a notice of appeal that fails to attach the memorandum in support of

jurisdiction:

Memorandum in support of jurisdiction

(A) In a claimed appeal of right or a discretionary appeal, the appellant shall file a memorandum in support of jurisdiction with the notice of appeal. [See Appendix B following these rules for a sample memorandum.]

(B) A memorandum in support of jurisdiction shall contain all of the following:

(1) A table of contents, which shall include the proposition(s) of law stated in syllabus form as set forth in *Drake v. Bucher* (1966), 5 Ohio St.2d 37, 39, 213 N.E.2d 182, 184;

(2) A thorough explanation of why a substantial constitutional question is involved, why the case is of public or great general interest, or, in a felony case, why leave to appeal should be granted;

(3) A statement of the case and facts;

(4) Each proposition of law supported by a brief and concise argument.

(C) Except in postconviction death penalty cases, a memorandum shall not exceed 15 numbered pages, exclusive of the table of contents and the certificate of service.

(D) A date-stamped copy of the court of appeals opinion and judgment entry being appealed shall be attached to the memorandum. For purposes of this rule, a date-stamped copy of the court of appeals judgment entry shall mean a copy bearing the file stamp of the clerk of the court of appeals and reflecting the date the court of appeals filed its judgment entry for journalization with its clerk under App.R. 22(E). The appellant may also attach any other judgment entries or opinions issued in the case, if relevant to the appeal. The memorandum shall not include any other attachments.

(E) Except as otherwise provided in S.Ct.Prac.R. II, Section

2(A), if the appellant does not tender a memorandum in support of jurisdiction for timely filing along with the notice of appeal, the Clerk shall refuse to file the notice of appeal.

Ohio Supreme Court Rule of Practice III. Ohio Supreme Court Rule of Practice II, Section 2 provides that the appeal must be filed 45 days from the entry of judgment being appealed, and include a memorandum in support of jurisdiction that complies with Ohio Supreme Court Rule of Practice III, discussed above:

> (A) Perfection of Appeal.
>
> (1) (a) To perfect an appeal from a court of appeals to the Supreme Court... the appellant shall file a notice of appeal in the Supreme Court within 45 days from the entry of the judgment being appealed.... [T]he appellant shall also file a memorandum in support of jurisdiction, in accordance with S.Ct.Prac.R. III, at the time the notice of appeal is filed.
>
> (b) Except as provided in divisions (A)(2), (3), and (4) of this section, the time period designated in this rule for filing a notice of appeal and memorandum in support of jurisdiction is mandatory, and the appellant's failure to file within this time period shall divest the Supreme Court of jurisdiction to hear the appeal. The Clerk of the Supreme Court shall refuse to file a notice of appeal or a memorandum in support of jurisdiction that is tendered for filing after this time period has passed.

Ohio Supreme Court Rule of Practice II, Section 2. Ohio Supreme Court Rule of Practice 14, Section 1(D), prohibits the Clerk from filing untimely documents:

> Prohibition Against Untimely Filings.
>
> No document may be filed after the filing deadlines imposed by these rules, set by Court order, or as extended in accordance with Section 3(B)(2) or Section 6(C) of this rule or with S.Ct.Prac.R. XIX. The Clerk shall refuse to file a document that is not timely tendered for filing. Motions to waive this rule are prohibited and shall not be filed.

Therefore, contrary to petitioner's allegation here, the Ohio Supreme Court rules do not permit the Clerk to exercise unfettered discretion in determining whether to file the notice of appeal. *See Hutchison v. Bell, supra.*

Further, it does not appear from the record that petitioner presented to the state courts any claim that application of Ohio Supreme Court Rule 14 unconstitutionally denied him due process, or that Ohio Supreme Court rules are unconstitutional. *Exhibit 11 to Return of Writ.* Such claim, therefore, cannot constitute cause for petitioner's procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)(It is petitioner's burden to establish that he has exhausted his claims).

II. THE DENIAL OF PETITIONER'S MOTION FOR DELAYED APPEAL

Petitioner failed to file a timely appeal of the appellate court's August 21, 2007, decision denying his appeal that complied with the Ohio Supreme Court rules. On October 23, 2007, he filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), which provides:

> In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.

*Id.*; *See Exhibit 8 to Return of Writ*; *Return of Writ*, at 5. The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's rejection of a motion for

delayed appeal under Ohio Supreme Court's Rule or Practice II, Section 2(A)(4)(a) constitutes a procedural default of claims raised therein. *Bonilla v. Hurley*, 370 F.3d 494, 497 (2004).

> Denial of an Ohio S.Ct. Prac. R. II § 2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave. See *Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir.2006). Consequently, an untimely appeal to the Ohio Supreme Court is a procedural ruling, which is both actually enforced and is an adequate and independent state ground on which the state can foreclose federal habeas review consistent with *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). See *Smith v. State of Ohio, Dept. of Rehabilitation and Correction*, 463 F.3d 426, 431-32 (6th Cir.2006); and see *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

*Womack v. Konteh*, 2008 WL 123867 (N.D. Ohio January 10, 2008). This Court is bound by that decision and therefore likewise concludes that petitioner has committed a procedural default of all of the claims raised on direct appeal that he failed to timely appeal to the Ohio Supreme Court in a manner that complied with the Rules of the Ohio Supreme Court.

Additionally, petitioner has failed to establish cause for this procedural default.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis in original).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). The alleged failure of the Guernsey County Clerk of Court to send petitioner a time-stamped copy of the Court of Appeals does not constitute an objective factor that was not attributable to him. Petitioner was

8

responsible for ensuring that his notice of appeal complied with the provisions of the Ohio Supreme Court rules. His *pro se* status "ignorance of the law and procedural requirements for filing a timely notice of appeal" fails to demonstrate sufficient cause to excuse his procedural default. *See Bonilla v. Hurley, supra,* 370 F.3d at 498, citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995).

### III. ACTUAL INNOCENCE

Petitioner nonetheless argues that this Court should address the merits of his claims because he is actually innocent of the charges against him.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589 (6th Cir. 2005)(footnote omitted). Review of the record fails to reflect that he can meet this standard here.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner has failed to establish cause and prejudice for the procedural default of all of his claims. Petitioner's objections are **OVERRULED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Date: April 24, 2009          **/s/ John D. Holschuh**
                              JOHN D. HOLSCHUH
                              United States District Judge